Robert V. Prongay (SBN 270796)
 *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
 *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
 *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Shaji Nelson*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJI NELSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARAVAI LIFESCIENCES HOLDINGS, INC., WILLIAM E. MARTIN, III, and KEVIN HERDE,<br><br>Defendants. | Case No. 3:25-cv-00499-AGS-AHG<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SHAJI NELSON FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

Shaji Nelson ("Nelson") submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Nelson as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Nelson's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons (the "Class") who purchased or otherwise acquired Maravai Lifesciences Holdings, Inc. ("Maravai" or the "Company") securities between August 7, 2024 and February 24, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Nelson is the "most adequate plaintiff" as defined by the PSLRA.

In addition, for purposes of this motion, Nelson satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Nelson respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Nelson's selection of GPM as Lead Counsel for the Class should be approved

1

because the firm has substantial expertise in securities Class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Maravai is a life sciences company which provides products to enable the development of drug therapies, diagnostics, novel vaccines, and support research on human diseases worldwide.

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false or misleading statements and/or failed to disclose to investors that: (1) Maravai lacked adequate internal controls over financial reporting related to revenue recognition; (2) as a result, the Company inaccurately recognized revenue on certain transactions during fiscal 2024; (3) its goodwill was overstated; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On February 25, 2025, before the market opened, Maravai announced it was postponing its fiscal 2024 earnings release and would delay filing its annual report on Form 10-K for the fiscal year ended December 31, 2024.  The Company had identified an error in revenue recognition that "resulted in approximately $3.9 million in revenue being recorded in the final week of the second quarter of 2024 upon shipment when it should have been recorded in the first week of the third quarter of 2024 upon receipt by the customer." The Company had identified "a material weakness in its internal controls over revenue recognition." Maravai also required additional time to "complete its assessment of a potential non-cash impairment charge related to goodwill associated with its previous acquisition of Alphazyme LLC."

On this news, the Company's share price fell $0.87, or 21.70%, to close at $3.14 per share on February 25, 2025, on unusually heavy trading volume.

As a result of Defendants' acts and omissions, and the precipitous decline in the market value of the Company's stock, Nelson and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Nelson Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As set forth below, Nelson has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Nelson, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses Defendants could raise

against him that would render him inadequate to represent the Class. Accordingly, Nelson respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Nelson's Motion is Timely

On March 4, 2025, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Nelson had sixty days (*i.e.*, until May 5, 2025) to file a motion to be appointed as Lead Plaintiff. As a purchaser of Maravai securities during the Class Period, Nelson is a member of the proposed Class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Nelson attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representatives of the Class. Dkt. No. 1 at 22-23. Accordingly, Nelson satisfies the first requirement to serve as Lead Plaintiffs for the Class.

### 2.    Nelson Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Nelson believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Nelson suffered a significant financial loss of $19,075.27. *See* Linehan Decl., Ex. B. To the best of his knowledge, Nelson is not aware of any other Class member that has filed a

4

motion for appointment as lead plaintiff who claims a larger financial interest. As such, Nelson believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

**3.      Nelson Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, typicality and adequacy are the two relevant requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730).

**a)      Nelson's Claims are Typical**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead

plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Soe v. Progenity, Inc.*, No. 20-cv-01683, 2020 WL 7129365, at *4 (S.D. Cal. Dec. 3, 2020); *Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Nelson's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Nelson purchased Maravai securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Nelson alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning Maravai's operations and financial prospects. Nelson's losses, like the losses suffered by all other members of the Class, arises from the artificial inflation of Maravai stock price caused by Defendants' alleged misrepresentations and omissions. Accordingly, Nelson's interests and claims are typical of the interests and claims of the Class.

### b) Nelson Is an Adequate Representative

Rule 23(a)(4) "requires that the named plaintiff suing on behalf of a class fairly and adequately protect the interests of that class. The test for adequacy asks whether the lead plaintiff and his counsel have any conflicts of interest with other class members and whether they will prosecute the action vigorously on behalf of the class." *Soe*, 2020 WL 7129365, at *6 (internal quotation marks omitted).

Here, Nelson satisfies the adequacy requirements. Nelson's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Nelson is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Nelson resides in the UAE and has been managing his own stock

portfolio for approximately 4 years. Nelson is an office manager and has a bachelor's degree from the University of Kerala. Moreover, Nelson has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. C (the firm's résumé). In addition, Nelson is not aware of any conflict between his claims and those asserted on behalf of the Class.

Accordingly, Nelson should be appointed as lead plaintiff.

**B.     The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Nelson has retained GPM to pursue this litigation on his behalf and will retain the firm as plaintiff's Lead Counsel in the event Nelson is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit C, the Court may be assured that, by granting Nelson's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Nelson's selection of counsel.

**IV.     CONCLUSION**

For the foregoing reasons, Nelson respectfully asks the Court to grant his motion and enter an Order: (i) appointing Nelson as Lead Plaintiff; (ii) approving Nelson's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED: May 5, 2025          Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com

*Counsel for Plaintiff and Lead Plaintiff Movant Shaji Nelson*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

8