Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff
Deven Thakrar*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJI NELSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARAVAI LIFESCIENCES HOLDINGS, INC., WILLIAM E. MARTIN, III, and KEVIN HEARDE,<br><br>Defendants. | No. 3:25-cv-00499-AGS-AHG<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT DEVEN THAKRAR AS LEAD PLAINTIFF, AND APPROVE SELECTION OF COUNSEL**<br><br>DATE: June 6, 2025<br>TIME: 10:00 a.m.<br>COURTROOM: 5C<br>JUDGE: Andrew G. Schopler |

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ........................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

III. ARGUMENT ................................................................................................ 2

    A.   The Governing Law of the PSLRA ........................................................ 2

    B.   Movant Complied with the PSLRA and Timely Filed This Motion ................................................................................................... 3

    C.   Movant Is the "Most Adequate Plaintiff" ............................................. 4

        1.   Movant Has the Largest Financial Interest in the Relief ............................................................................................ 4

    D.   Movant Otherwise Satisfies the Requirements of the Fed. R. Civ. P. 23 ............................................................................................... 4

        1.   Movant's Claims Are Typical of the Claims of All the Class Members ............................................................................ 5

        2.   Movant Will Adequately Represent the Interests of the Class ............................................................................................ 6

    E.   The Court Should Approve Movant's Choice of Lead Counsel ............................................................................................... 7

IV. CONCLUSION ............................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Foster v. Maxwell Techs., Inc.*,
 2013 WL 5780424 (S.D. Cal. Oct. 24, 2013)........................................................5

*Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*,
 306 F.3d 726 (9th Cir. 2002) ............................................................................4, 5

*Kendall v. Odonate Therapeutics, Inc.*,
 2020 WL 7338297 (S.D. Cal. Dec. 14, 2020)......................................................6

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
 2021 WL 533518 (S.D. Cal. Feb. 12, 2021) .....................................................4, 5

### STATUTES

15 U.S.C. § 78u-4 *et seq* ................................................................................*passim*

Deven Thakrar ("Movant"), hereby moves the Court for an order appointing him as Lead Plaintiff and approving of his selection of lead counsel.[1] Movant makes this motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3). Movant is believed to be the movant with the largest financial interest in the outcome of this litigation. Movant satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. Movant has selected experienced and effective counsel as proposed lead counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman").

## I.    PRELIMINARY STATEMENT

Movant is the movant most capable of adequately representing the interests of class members. As described in the certification and loss chart attached to the Declaration of Lucas E. Gilmore at Exs. B and C ("Gilmore Decl.")[2], Movant has suffered a loss in excess of $27,000 as a result of his purchases of Maravai LifeSciences Holdings, Inc. ("Maravai" or the "Company") securities between August 7, 2024 and February 24, 2025 (the "Class Period"). Movant believes that he has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Federal Rule of Civil Procedure 23 ("Rule 23"). In addition to evidencing the largest

---

[1] Chambers Rules require a conference of counsel prior to filing noticed motions. Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time. U.S.C. § 78u-4(a)(3). Thus, Movant is presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement be waived.

[2] "Gilmore Decl." refers to the Declaration of Lucas E. Gilmore in Support of Motion to Appoint Deven Thakrar as Lead Plaintiff and to Approve His Selection of Lead Counsel.

MEMO ISO MOT. TO APPT. DEVEN THAKRAR AS LEAD PL. & APPROVE SELEC. OF COUNSEL - 1
Case No. 3:25-cv-00499-AGS-AHG

financial interest in the outcome of this litigation, Movant's certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of serving in that role.[3] Movant, who has earned multiple engineering degrees, also qualified to represent the class. Movant, who is a director of a few property departments and multiple companies and based in the United Kingdom, is more than well-equipped to serve as Lead Plaintiff. Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve his selection of the law firm Hagens Berman Sobol Shapiro LLP as lead counsel in this action.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The above-captioned federal securities class action alleges that Defendants made materially false and misleading statements or omissions between August 7, 2024 and February 24, 2025 ("Class Period") concerning Maravai's business, operations, and prospects. These facts give rise to claims against Defendants under the Securities Exchange Act of 1934, which are governed by the PSLRA.

## III.    ARGUMENT

### A.    The Governing Law of the PSLRA

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

---

[3] *See* Gilmore Decl. Ex. B. The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). Congress's goal in enacting the PSLRA was to empower investors to "have greater control over their class action cases."[4]

## B.      Movant Complied with the PSLRA and Timely Filed This Motion

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

Here, the class action was filed on March 3, 2025, and notice was published nationally via *Business Wire* (a national business-oriented wire service) on March 4, 2025. *See* Gilmore Decl., Ex. A (Published Notice). The notice informed members of the class that they had sixty days in which to move for appointment as Lead Plaintiff.

After the procedural requirements are satisfied, the Court is charged with selecting the class member "most capable of adequately representing the interests of the class" to serve as Lead Plaintiff, based on the substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Only by a showing that a presumptive Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff

---

[4] *See* 141 Cong. Rec. S8895 (Sen. D'Amato) ("the legislation empowers investors so that they, not their lawyers, have greater control over their class action cases") (June 22, 1995).

MEMO ISO MOT. TO APPT. DEVEN THAKRAR AS LEAD PL. & APPROVE SELEC. OF COUNSEL - 3
Case No. 3:25-cv-00499-AGS-AHG

incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### C.   Movant Is the "Most Adequate Plaintiff"

Under the PSLRA test, Movant meets the criteria of "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. As outlined below, Movant has the largest known financial interest in the case and he satisfies the requirements of Rule 23. Movant has hired reputable and experienced counsel and possess the willingness, resources, and expertise to obtain excellent results for the Class. Finally, Movant is not subject to any unique defenses that would bar his ability to represent the class. Consequently, this Court should appoint Movant as Lead Plaintiff.

### 1.   Movant Has the Largest Financial Interest in the Relief

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As a result of his purchases of Maravai securities during the Class Period, Movant has suffered losses of over $27,000. Gilmore Decl., Exs. B and C.

### D.   Movant Otherwise Satisfies the Requirements of the Fed. R. Civ. P. 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a).[5] At this stage of the litigation, however, courts focus only on the typicality and adequacy requirements of Rule 23.[6] Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movant must make only a preliminary showing that it meets the Rule 23 typicality and adequacy requirements to

---

[5] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729-30 (9th Cir. 2002).

[6] *See, e.g., Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *3 (S.D. Cal. Feb. 12, 2021).

MEMO ISO MOT. TO APPT. DEVEN THAKRAR AS LEAD PL. & APPROVE SELEC. OF COUNSEL - 4
Case No. 3:25-cv-00499-AGS-AHG

be entitled to lead plaintiff status under the PSLRA.[7] As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action

### 1. Movant's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory. "The typicality requirement asks whether the presumptive lead plaintiff has suffered the same or similar injuries as absent class members as a result of the same conduct by the defendants and are founded on the same legal theory." *Sorrento Therapeutics, Inc.*, 2021 WL 533518, at \*3 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Here, the typicality requirement is met because Movant's claims arise from the same conduct as the claims of every other Class Member. Like all Class Period investors, Movant purchased Maravai securities when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions. Both Movant and the Class Members suffered damages as a result of these purchases. Simply put, Movant, like all the other class members, (1) purchased Maravai securities between August 7, 2024 and February 24, 2025; (2) purchased Maravai securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Movant's "claim arise[s] from the same event or course of conduct giving rise to the claims of other class members and [are] based on the same legal theory."[8]

---

[7] *See In re Cavanaugh*, 306 F.3d at 731 (presumptive lead plaintiff must show only "a prima facie showing of typicality and adequacy").

[8] *See Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at \*5 (S.D. Cal. Oct. 24, 2013).

### 2. Movant Will Adequately Represent the Interests of the Class

"Representation is 'adequate' when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class."[9] Here, Movant, will adequately represent the interests of the class. Movant, who is 53 years old, presently resides in Ryde, Isle of Wright. Movant is a director of a few property departments and multiple companies. Movant earned a mechanical engineering degree from Shivaji University in India and a master's degree in marine engineering from Singapore and South Tyneside College in the United Kingdom.

Movant's interests are also clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no evidence of antagonism between Movant's interests and those of proposed class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Movant will adequately and vigorously pursue the interests of the class. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[10]

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movant not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Movant is, in

---

[9] *Kendall v. Odonate Therapeutics, Inc.*, 2020 WL 7338297, at *2 (S.D. Cal. Dec. 14, 2020) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

[10] *See* Gilmore Decl., Ex. D (Firm Résumé).

MEMO ISO MOT. TO APPT. DEVEN THAKRAR AS LEAD PL. & APPROVE SELEC. OF COUNSEL - 6
Case No. 3:25-cv-00499-AGS-AHG

accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[11]

### E.  The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[12] This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

In sum, because of Movant's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Because Movant not only meets both the typicality and adequacy Requirements of Rule 23(a), but has also sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

---

[11] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) and (II). Movant meets the presumption of adequacy.

[12] Gilmore Decl., Ex. D (Firm Résumé).

## IV.    CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him to serve as Lead Plaintiff in this action; (2) approve his selection of Lead Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: May 5, 2025                              Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*s/ Lucas E. Gilmore*
    LUCAS E. GILMORE
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Deven Thakrar*