Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo CA 94402
(650) 781-0025
jake@blockleviton.com

*Counsel for Erwin Ortiz and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJI NELSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARAVAI LIFESCIENCES HOLDINGS INC., WILLIAM E. MARTIN, III, and KEVIN HERDE,<br><br>Defendants. | Case No. 3:25-cv-00499-AGS-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIEIS IN SUPPORT OF THE MOTION OF ERWIN ORTIZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>JUDGE: Hon. Andrew G. Schopler<br>DATE: June 6, 2025<br>TIME: 10:00 a.m.<br>COURTROOM: 5C |

Erwin Ortiz ("Mr. Ortiz") respectfully submits this memorandum of points and authorities in support of his motion for (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approval of his selection of Block & Leviton LLP ("Block & Leviton") to serve as Lead Counsel for the putative Class; and (3) for any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Currently pending before this Court is a securities class action brought on behalf of all purchasers of Maravai LifeSciences Holdings, Inc. ("Maravai" or the "Company") common stock between August 7, 2024, and February 24, 2025, inclusive (the "Class Period").

The PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion within the PSLRA's 60-day deadline; (2) asserts the largest financial interest in the litigation, and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Ortiz respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Mr. Ortiz has timely moved for lead plaintiff appointment. Mr. Ortiz has suffered losses of approximately $184,262 in connection with transactions in Maravai common stock during the Class Period and believes he has the largest known financial interest in the relief sought by the class. *See* Walker Decl., Exs. B, C. In addition to asserting

the largest financial interest, Mr. Ortiz readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Lastly, Mr. Ortiz has retained experienced and competent cousel to represent the class. As the "most adequate plaintiff" under the PSLRA, Mr. Ortiz's selection of Block & Leviton as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

## II.    STATEMENT OF FACTS

Maravai is a life sciences company that sells products that supports research on drug therapies, diagnostics, and novel vaccines. ¶16.[1] The Class Period begins on August 7, 2024, the day that the Company issued a press release announcing its financial results for the second quarter of 2024. ¶17. The Complaint alleges that, throughout the Class Period, the financial results published by Maravai were materially false or misleading because Defendants failed to disclose to investors that: (1) Maravai lacked adequate internal controls over financial reporting related to revenue recognition; (2) as a result, the Company inaccurately recognized revenue on certain transactions during fiscal 2024; and (3) its goodwill was overstated. ¶23.

Investors learned the truth about Defendants' mispresentations when Maravai issued a press release on February 25, 2025, postponing its fiscal 2024 earnings release and announcing it would delay filing its annual report on Form 10-K. ¶24. The press release stated that the Company required additional time to complete its year-end financial close process because of needing to complete its assessment of an impairment charge related to goodwill associated with a previous acquisition, assess

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Shaji Nelson v. Maravai LifeSciences Holdings, Inc., et al.*, No. 3:25-cv-00499-AGS-AHG (S.D. Cal. March 3, 2025), ECF No. 1.

an error identified with respect to revenue recognition, and to complete its assessment of the effectiveness of its disclosure controls and procedures and internal controls over financial reporting. *Id.* On this news, the Company's share price fell $0.87 or 21.70%, to close at $3.14 per share on February 25, 2025. ¶25.

Due to these alleged misrepresentations and omissions, Mr. Ortiz and other Class members have suffered significant losses and damages.

## III. ARGUMENT

### A. Mr. Ortiz Should Be Appointed As Lead Plaintiff

Mr. Ortiz should be appointed as Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, May 5, 2025), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-

4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729-32. The PSLRA requires the Court to adopt a presumption that the most adequate plaintiff is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Ortiz satisfies each of these requirements, and the Court should therefore appoint him as Lead Plaintiff.

### 1. The Motion Is Timely.

The statutorily-required notice of this action was published on March 4, 2025, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by May 5, 2025. *See* Walker Decl., Ex. A.

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Ortiz timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Ortiz has signed a certification pursuant to the PSLRA, Walker Decl., Ex. B, and submits a declaration in support of his motion, Walker Decl., Ex. D. Mr. Ortiz has selected and retained qualified counsel to represent himself and the proposed class. *See* Walker Decl., Ex. E. Accordingly, Mr. Ortiz is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### 2.    Mr. Ortiz Has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court shall appoint as lead plaintiff the movant that has the largest financial interest in the relief sought by the class. *See Cavanaugh*, 306 F.3d at 730 (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by the Mr. Ortiz's accompanying signed certification and loss chart, he incurred substantial losses—a total of approximately $184,262. Walker Decl., Exs. B, C. At the time of this filing, Mr. Ortiz believes that he possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Mr. Ortiz is entitled to the presumption that it is the most adequate lead plaintiff

### 3.    Mr. Ortiz Otherwise Satisfies Rule 23's Requirements.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). To be appointed lead plaintiff, only "a preliminary showing" is required. *See Brown v. Acutus Med., Inc.*, 2022 WL 2820557, at *2 (S.D. Cal. July 19, 2022) (citing *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010)).

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations

25cv00499

omitted). Like all class members, Mr. Ortiz purchased Maravai stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, *see* Walker Decl., Exs. B, C.

Mr. Ortiz will adequately protect the interests of the class. Adequacy under Rule 23 "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)). Mr. Ortiz has a substantial financial interest in the case, and he is committed to vigorously pursuing claims on behalf of the class. As discussed below, he has selected qualified counsel, highly experienced in securities litigation. Mr. Ortiz has also submitted a sworn declaration with this motion providing information about himself, his background and confirming his desire, willingness, and ability to serve as lead plaintiff. Walker Decl., Ex. D. Moreover, Mr. Ortiz is not aware of any conflicts between his claims and those asserted by the class.

Mr. Ortiz's substantial financial interest, alignment with class interests, and selection of highly qualified counsel demonstrate that he *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

## B. The Court Should Approve of Mr. Ortiz's Selection of Block & Leviton LLP as Lead Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Ortiz has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as Lead Counsel. *See* Walker Decl., Ex. E. As noted by one district court:

While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation,* (S.D. Tex.)*, In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.)*,* and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, (D.N.J. 2018) (ECF No. 21).

Courts across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *see also In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023) (approving $25 million settlement and stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions.").

Accordingly, the Court should approve of Mr. Ortiz's selection of Block & Leviton as Lead Counsel.

## IV.    CONCLUSION

Mr. Ortiz has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Ortiz respectfully requests the Court: (1) appoint Mr. Ortiz as Lead Plaintiff; (2) approve Mr. Ortiz's selection of Block & Leviton LLP as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED: May 5th, 2025                    Respectfully submitted,

/s/ Jacob A. Walker
Jacob A. Walker (SBN 271217)
Jeffrey C. Block (*pro hac vice* application forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
jake@blockleviton.com
jeff@blockleviton.com

*Counsel for Erwin Ortiz and Proposed Lead Counsel for the Class*