Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo CA 94402
(650) 781-0025
jake@blockleviton.com

*Counsel for Erwin Ortiz and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHAJI NELSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARAVAI LIFESCIENCES HOLDINGS INC., WILLIAM E. MARTIN, III, and KEVIN HERDE,<br><br>Defendants. | Case No. 3:25-cv-00499-AGS-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF ERWIN ORTIZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>JUDGE: Hon. Andrew G. Schopler<br>DATE: June 6, 2025<br>TIME: 10:00 a.m.<br>COURTROOM: 5C |

Erwin Ortiz ("Mr. Ortiz") respectfully submits this memorandum of law in further support of his unopposed Motion for appointment as Lead Plaintiff and approval of his selection of Lead Counsel.[1]

## I.  INTRODUCTION

Mr. Ortiz indisputably has the largest financial interest in this Action.[2] He lost $184,262.00 on his investment in Maravai securities. Mr. Ortiz's substantial financial interest, along with his *prima facie* showing of adequacy and typicality, entitles him to the strong presumption that he is the "most adequate plaintiff" to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Accordingly, Mr. Ortiz's Motion should be granted in its entirety.

## II.  ARGUMENT

### A. Mr. Ortiz Has the Largest Financial Interest

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant 1) with the largest financial interest in the relief sought by the class; and 2) who is otherwise adequate and typical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and

---

[1] Robert F. Bouscher filed a notice of non-opposition on May 16, 2025, Devin Thakrar and Shajil Nelson filed a notices of non-opposition on May 23, 2025. *See* ECF Nos. 17, 18, 19.

[2] This case asserts claims for the violations of the federal securities laws against Maravai LifeSciences Holdings, Inc. ("Maravai" or the "Company") and certain of its officers on behalf of a putative class of investors who purchased Maravai common stock between August 7, 2024, and February 24, 2025, inclusive (the "Class Period").

'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis in original).

"District courts typically consider[ ] four factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Yuksel v. Ventyx Biosciences, Inc.*, 2024 WL 5059155, at *1 (S.D. Cal. Dec. 10, 2024) (Schopler, J.) (quoting *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015)) (internal quotation marks omitted). As demonstrated in the table below, Mr. Ortiz surpasses the other movants in every relevant metric:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Loss Suffered |
|---|---|---|---|---|
| Erwin Ortiz | 44,800 | 44,800 | $287,750.00 | $184,262.00 |
| ~~Robert Bouscher~~ | ~~12,125~~ | ~~4,900~~ | ~~$26,048.00~~ | ~~$33,030.99~~ |
| ~~Deven Thakrar~~ | ~~14,369~~ | ~~14,369~~ | ~~$67,068.68~~ | ~~$27,439.89~~ |
| ~~Shaji Nelson~~ | ~~10,320~~ | ~~8,320~~ | ~~$38,320.47~~ | ~~$19,075.27~~ |

*See* ECF Nos. 14-5, 15-4, 13-5, 12-4 (movants' loss charts); *Alonzo v. Dexcom Inc.*, 2024 WL 5112751, at *4 (S.D. Cal. Dec. 13, 2024) ("[T]he weight of authority puts the most emphasis [on] . . . the competing movants' estimated losses[.]") (quoting *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016)) (internal quotation marks omitted). He indisputably has the largest financial interest in this Action.

25cv00499

**B.** **Mr. Ortiz Satisfies the Requirements of Rule 23**

In addition to possessing the greatest financial interest, Mr. Ortiz "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). At this stage in the litigation, Mr. Ortiz "need only make a prima facie showing of [his] typicality and adequacy." *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *6 (S.D. Cal. Sept. 6, 2018) (quoting *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056 (N.D. Cal. 2018)). In determining if this showing has been made, the district court "must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Cavanaugh*, 306 F.3d at 730.

Mr. Ortiz clearly satisfies the requirements of Rule 23. His claims are typical of the class, and he will fairly and adequately represent its interests.

**1.** **Mr. Ortiz is Typical**

Typicality necessitates that the "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A *prima facie* showing of typicality "requires that the presumptive lead plaintiff's claim arise from the same event or course of conduct giving rise to the claims of other class members and be based on the same legal theory." *Foster*, 2013 WL 5780424 at *5 (quoting *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *6 (S.D. Cal. Jan. 5, 2004)) (internal quotation marks omitted).

Here, Mr. Ortiz, like other class members, purchased Maravai shares at prices allegedly inflated by Defendants' misrepresentations and omissions. His claims are based on the same legal theories as other members of the class: that Defendants' misrepresentations and omissions violated §10(b) and Rule 10b-5. *See id.* (finding movant typical where it purchased defendant's shares during the class period at prices inflated by defendants' allegedly false and misleading statements

and suffered damages when thed disclosure removed the inflation caused by the alleged fraud). Mr. Ortiz has thus made a *prima facie* showing of typicality.

### 2.    Mr. Ortiz Satisfies Rule 23(a)'s Adequacy Requirement

Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[R]epresentation is 'fair' and 'adequate' when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." *Lowe v. Tandem Diabetes Care Inc.*, 2023 WL 8458248, at *3 (S.D. Cal. Dec. 5, 2023) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

There are no conflicts of interest between Mr. Ortiz and the other putative class members. Furthermore, Mr. Ortiz has certified under penalty of perjury that he is willing to serve as a representative of the putative class and desires to achieve the best possible result in prosecuting the case. ECF No. 14-4. He has provided information about himself including where he resides, his education, background and investment experience. *See* ECF No. 14-6.  Mr. Ortiz has also selected an experienced and highly qualified law firm to litigate this case on behalf of the putative class. *See* ECF No. 14-7. Finally, "the extent of [his] financial loss demonstrates to the Court that [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kangas v. Illumina, Inc.*, 2024 WL 1587463, at *4 (S.D. Cal. Apr. 11, 2024) (citation and internal quotation marks omitted). Mr. Ortiz therefore satisfies Rule 23's adequacy requirement.

Mr. Ortiz has the largest financial interest in the relief sought by the class and has made a preliminary showing of adequacy and typicality. As such, he is the presumptive lead plaintiff. Reflecting this fact, each of the other movants have filed notices of non-opposition. *See* ECF Nos. 17, 18, 19. Accordingly, no "proof"

25cv00499

has been presented to rebut the presumption, and Mr. Ortiz is entitled to appointment. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### III.  CONCLUSION

For the foregoing reasons, Mr. Ortiz respectfully requests that this Court: (1) appoint Mr. Ortiz as Lead Plaintiff for the class in the Action; and (2) approve Block & Leviton as Lead Counsel for the class.

May 23, 2025                                      Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Jacob A. Walker
Jacob A. Walker (SBN 271217)
Jeffrey C. Block (*pro hac vice* application forthcoming)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
jake@blockleviton.com
jeff@blockleviton.com

*Counsel to Movant Mr. Ortiz and Proposed Lead Counsel*